## KING v. WRIGHT, trustee, etc.

The issue was a quasi equitable claim. A trustee in bankruptcy was seeking to subject certain property to administration as a part of the estate of a bankrupt, which another defendant claimed to be his land and not the bankrupt's. It was shown that the bankrupt had been in possession of a certain described four acres of land (the subject-matter of this suit) for a period of from 15 to 25 years, during which time he had erected a storehouse in which he had conducted business for many years and a dwelling-house in which he had lived with his family for a similar period. It was proved by uncontradicted admissions of the codefendant of the bankrupt, the claimant King, that he had often asserted the sale to the bankrupt and that a portion of the purchase-price was still due. In addition there was introduced in evidence a sworn affidavit or statement by King to the same effect. · It was shown that during his entire occupancy of the lot in question Myers had never paid King any rent on the four acres, though rent had been paid on a portion of the same lot number 47 which belonged to King and which Myers cultivated. The foregoing facts, if established to the satisfaction of the jury, were sufficient to rebut the evidence adduced in behalf of the defendants as embraced in the testimony of the defendant Myers, to the effect that the land had been promised to his wife, who was the defendant King's daughter, as a gift, even had the daughter of Mrs. Myers been herself the claimant; and it did not tend to set up, but rather tended to disprove, the claim of King.

No. 3640. NOVEMBER 14, 1923.

Petition to quiet title. Before Judge Blair. Cherokee superior court. January 23, 1923.

*J. P. Brooke,* for plaintiff in error.

*George F. Gober, John S. Wood,* and *A. J. Henderson,* contra.

RUSSELL, C. J. J. H. Myers was adjudicated a bankrupt, and T. W. Wright was appointed as his trustee. Myers has been for several years in possession of four acres of land in the 2d district and 2d section of Cherokee County on the northeast corner of lot number 47. All of lot number 47 originally belonged to E. A. King. The four acres of land of which Myers was in possession was in woods when he moved there between fifteen and twenty-five years ago, except that a small house had been built. After Myers went into possession he built a storehouse and a dwelling-house upon the four acres. He sold goods from the storehouse and occupied the dwelling-house as a residence. In his schedule of assets Myers did not list this house and four acres of ground as one of his assets, but claimed that the title was in A. E. King; and this case originated by reason of the fact that the trustee in bankruptcy filed a petition against Myers and King, seeking to have the title to the four acres settled and the property declared a part of the bankrupt's estate and subject to the payment of his debts. J. H. Myers filed no answer. King, in answer to the petition, claimed ownership of the property. The trial resulted in a verdict in favor of the plaintiff, and upon the verdict a judgment was entered finding that the four acres of land was the property of J. H. Myers and should be administered in bankruptcy. King filed a motion for a new trial, which was overruled, and exception was taken to that judgment. The motion for a new trial is based solely upon the general grounds. No exception is taken to any ruling of the court or to any portion of the charge, and for this reason the sufficiency of the evidence is the only question presented.

We think the evidence in behalf of the trustee, as set forth in the headnote, was amply sufficient to authorize the finding of the jury; and consequently there was no error in overruling the motion for a new trial. Nothing is better settled than that juries are the exclusive judges of the credibility of the witnesses; and this court has neither the inclination nor the power to disturb their findings upon sufficient facts, unless some error on the part of the court has caused or contributed to that finding.

*Judgment affirmed. All the Justices concur.*